## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ACRISURE, LLC, | |
| Plaintiff, | Case No.: 8:25-cv-3479 |
| v. | |
| CAPTIVE INS CONSULTING, LLC, LAURA HISLOP, and JOHN HISLOP, | Jury Trial Demanded |
| | Injunctive Relief Requested |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
## AND DEMAND FOR JURY TRIAL

Plaintiff Acrisure, LLC ("Plaintiff" or "Acrisure"), by and through its counsel of record, brings this Complaint against Defendants Captive Ins Consulting, LLC, Laura Hislop, and John Hislop (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. The action arises from Defendants' efforts to misappropriate and violate Acrisure's contractual and common law rights to the business name "Captive Insurance Consulting," corresponding nickname "Captive Ins," and the business goodwill associated with these trade names.

2. After John Hislop sold all assets of his business, Captive Insurance Consulting, LLC, to Acrisure in 2021 for a substantial sum of cash and stock consideration, his wife Laura Hislop, in cooperation with John Hislop, proceeded to

attempt to confuse customers by leaving Acrisure in 2025 and then doing business through an identically named new company "Captive Ins Consulting, LLC."

3.     In doing so, Defendants knowingly and intentionally capitalized on the name and business goodwill Acrisure had purchased in 2021 with the intent to take advantage of and to interfere with the assets and goodwill John Hislop previously sold and to dupe consumers in the marketplace into believing that the business name Captive Insurance Consulting, which is owned by Acrisure, is one and the same with Captive Ins Consulting, which is operated by the Hislops despite the fact it was transferred to Acrisure through an Asset Purchase Agreement.

4.     This conduct constitutes violations of (1) the Lanham Act for federal unfair competition based on trademark infringement and false designation of origin; (2) the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); (3) common law trademark infringement; (4) breach of contract; (5) breach of the duty of good faith and fair dealing; (6) tortious interference with contractual and business relationships; and (7) civil conspiracy. The action arises from Defendants efforts to misappropriate and violate Acrisure's contractual and common law rights to the business name "Captive Insurance Consulting" and the associated goodwill.

5.     Acrisure bought all assets of Captive Insurance Consulting, LLC, from Defendant John Hislop in December 2021. Acrisure paid John Hislop a substantial amount for the business Captive Insurance Consulting, LLC, including the ownership of all rights to use the names Captive Insurance Consulting (which includes Captive Ins Consulting) and its valuable brand and goodwill for insurance services in the

United States, and including the rights to use this mark to offer insurance services, insurance brokerage, risk management and a variety of other insurance related services to customers across the United States.

6.      John Hislop's wife, Defendant Laura Hislop, is aware of Acrisure's rights to the trademark and goodwill associated with "Captive Insurance Consulting," because Laura Hislop was an Acrisure independent contractor and employee and used the business name "Captive Insurance Consulting" from December 2021 to March 2025.

7.      Defendants' use of the confusingly similar business name to market and sell insurance goods and/or services in the same market as alleged herein is likely to confuse or deceive consumers into the mistaken belief that Defendants are affiliated with Acrisure's and/or Acrisure's Captive Insurance Consulting business.

8.      Accordingly, Acrisure seeks injunctive relief and damages under the Lanham Act for federal unfair competition based on trademark infringement and false designation of origin, violation of the FDUTPA, common law trademark infringement, breach of contract, tortious interference with contractual and business relationships, and civil conspiracy.

<u>**JURISDICTION AND VENUE**</u>

9.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Acrisure brings claims under the Lanham Act, 15 U.S.C. § 1125(a), and supplemental jurisdiction under 28 U.S.C. § 1367 over related state law claims.

10.     This Court has personal jurisdiction over Defendants because they reside in Florida and, on information and belief, transact business in this District, and the acts giving rise to Acrisure's claims occurred in and caused injury within this District.

11.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendants are subject to personal jurisdiction here.

## THE PARTIES

12.     Plaintiff Acrisure, LLC, is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 100 Ottawa Avenue SW, Grand Rapids, Michigan 49503.

13.     Defendant Captive Ins Consulting, LLC, is a Florida limited liability company conducting business within this District.

14.     Defendant Laura Hislop is an individual residing in this District and, on information and belief, a member, manager, registered agent, employee, and/or controlling principal of Captive Ins Consulting, LLC, in this District.

15.     Defendant John Hislop is an individual residing in this District and, on information and belief, is an original member, manager, registered agent, employee, and/or controlling principal of Captive Ins Consulting, LLC, in this District, at least prior to recently transferring the business to Defendant Laura Hislop.

## FACTS

### Acrisure's Purchase of the Captive Insurance Consulting Business

16.     Acrisure is a global fintech leader based in Grand Rapids, Michigan, with locations throughout the United States. Acrisure provides intelligence-driven financial services solutions across many industries, including the insurance brokerage industry, which is highly competitive, to soliciting and maintaining customers, accounts, and employees. As part of its business, Acrisure spends significant time and money acquiring and developing its customer relationships as well as its talent and employees who help Acrisure's customers address their unique needs and further their business relationship with Acrisure.

17.     Effective December 1, 2021, Captive Insurance Consulting, LLC and John Hislop ("Sellers") sold Acrisure the Captive Insurance Consulting, LLC insurance broker business, including all associated assets, intellectual property, goodwill, websites tradenames, and trademarks (the "Acquisition"). The Acquisition explicitly included the transfer of the ownership of the name **Captive Insurance Consulting** *and all derivatives*, as well as the exclusive rights to operate and market under this brand.  Moreover, the "Purchased Assets" included those assets "related to, used, or held for use in connection with the Business." *See* Asset Purchase Agreement, § 2.1 (Dec. 1, 2021), a true and correct copy of which is attached hereto as **Exhibit A** (filed under seal), and incorporated by reference herein.

18.     The APA defined the term "Business" to include "the business of providing insurance brokerage and related services and products to clients placed primarily with group captives and also with carriers." Ex. A, Recital A.

19.     Through the acquisition, the Sellers also conveyed the website and email domain for www.captiveinsconsulting.com, which, following the Acquisition directs to an Acrisure webpage.

20.     Among other categories, the Asset Purchase Agreement includes the following additional "Purchased Assets":



Ex. A, § 2.1(g).

21.     Through the APA, Sellers did or should have transferred the held name Captive Ins Consulting to Acrisure.

22.     At closing, the Asset Purchase Agreement required Sellers to change the "legal name to one sufficiently dissimilar to Seller's present name (in Buyer's judgment) to avoid confusion . . . ." Ex. A, § 2.12(h).

23.     While Sellers changed the name of Captive Insurance Consulting, LLC, they failed to change the name of Captive Ins Consulting, LLC.

24.     Sellers also agreed to abide by non-compete, non-piracy, and non-solicitation obligations during the five-year Restricted Period:



Ex. A, § 5.1(b),(c).

25.    In conjunction with the Acquisition of Captive Insurance Consulting, Acrisure hired John Hislop to work with the Captive Insurance Consulting business at Acrisure, including through his initial tile of "Principle – The Captive Insurance Consulting Agency Operation." *See* Employment Agreement, § 1 (Dec. 1, 2021), a true and correct copy of which is attached hereto as **Exhibit B**, and incorporated by reference herein. John Hislop was an employee at Acrisure from December 1, 2021, through November 30, 2025.

26.    The Employment Agreement at **Exhibit B** includes restrictive covenants to which John Hislop agreed, including Non-Competition and Non-Solicitation

covenants. Ex. B, § 12(b). John Hislop further agreed that these covenants were reasonable and that Acrisure would be entitled to equitable relief in the event of a breach. *Id*. at § 13(a),(b). John Hislop also agreed that the covenants would be tolled during any period of violation. *Id*. at § 13(d).

27.    During his employment, John Hislop continued to associate himself with the Captive Insurance Consulting name and used it in communication with customers and insurance markets.  John Hislop used an email signature block that includes a combination of the Captive Insurance Consulting name and the Acrisure registered trademark as shown below:



**John Hislop**
Agency Partner

Captive Insurance Consulting
ACRISURE® PARTNER

600 Cleveland Street, Suite 238
Clearwater, FL 33755
Email: jhislop@captiveinsconsulting.com
Direct: 727-726-8285

28.    Following the Acquisition, Acrisure continued operating Captive Insurance Consulting in association with marketing and selling insurance goods and services, including in the Florida market and in this District. Acrisure has continued to provide the same high-quality experience that customers expect and know in connection with the name Captive Insurance Consulting in the Florida region and in this District. Acrisure's further use of the mark Captive Insurance Consulting includes its operation of the website and email domain www.captiveinsconsulting.com. Thus,

Acrisure accrued and maintained common-law trademark rights in the Captive Insurance Consulting name and its abbreviations, such as Captive Ins.

29.    Following the Acquisition, Acrisure filed a fictious name registration for the name Captive Insurance Consulting in Florida and other states. Acrisure's Florida fictious name registration is available at https://dos.sunbiz.org/scripts/ficidet.exe?action=DETREG&docnum=G22000036521&rdocnum=G14000023139.

30.    The name "Captive Insurance Consulting" has acquired special significance in its trade area as a well-recognized provider of high-quality insurance goods and/or services, due to the use of the name Captive Insurance Consulting by John Hislop prior to the Acquisition, and by Acrisure after the Acquisition. Acrisure has cultivated business relationships and goodwill using the Captive Insurance Consulting mark in commerce, and the mark is used to identify and distinguish Acrisure's Captive Insurance Consulting business from other insurance businesses.

31.    The strength of Acrisure's mark is shown by, *inter alia*, Defendants' copying of the mark with actual knowledge of the value of the mark, and the confusion caused in the marketplace because customers associate the name Captive Insurance Consulting with Acrisure's business and Defendants' use of Captive Ins Consulting and Captive Ins is confusingly similar to Acrisure's established brand.

32.    Acrisure's rights in the Captive Insurance Consulting name pre-dates Defendants' unauthorized use of the Captive Ins Consulting mark to compete with Acrisure.

33.    Defendant Laura Hislop previously worked with Captive Insurance Consulting before the Acquisition and later worked for Acrisure for at least two years after the Acquisition, with her employment ending on March 7, 2025.

34.    Laura Hislop used Acrisure's mark, the Captive Insurance Consulting name, to market and sell insurance goods and/or services. For example, when Laura Hislop worked at Acrisure during 2025, her email signature showed the name Captive Insurance Consulting alongside the and the Acrisure registered trademark as shown below:



35.    Laura Hislop ceased being authorized to use Acrisure's mark for Captive Insurance Consulting on March 7, 2025, when her employment ended.

**Formation and Operation of Captive Ins Consulting, LLC**

36.    Without authorization, and unbeknownst to Acrisure, John Hislop formed and maintained Captive Ins Consulting, LLC, from 2021 through at least 2025.

37.    John Hislop failed to disclose the formation of the entity, its operations, or any alleged failure to transfer the name Captive Ins Consulting to Acrisure.

38.    John Hislop filed Annual Reports with the State of Florida each year from 2022 through April 7, 2025, designating him as the sole manager, and the registered agent of Captive Ins Consulting, LLC.

39.    John Hislop maintained the registration for Captive Ins Consulting, LLC at 600 Cleveland Street, #238, which is the address of the Acrisure office location from which the Captive Insurance Consulting business operated.

40.    During his employment with Acrisure, John Hislop received income through Captive Ins Consulting, LLC.

41.    After receiving a cease-and-desist letter from Acrisure on November 26, 2025, Defendants filed, on the same day, an Amended Annual Report for Captive Ins Consulting, LLC, that for the first time replaced John Hislop as the associated individual with Laura Hislop.

42.    Acrisure is unaware by what mechanism John Hislop transferred ownership of Captive Ins Consulting, LLC, to his wife, Laura Hislop.

43.    Despite having no ownership interest in the business or any contractual rights associated with Acrisure's assets or its name Captive Insurance Consulting, Laura Hislop began operating a business under the name Captive Ins Consulting, LLC, without Acrisure's authorization.

44.    The name Captive Ins Consulting, LLC, is confusingly similar to Captive Insurance Consulting, creating actual confusion and a substantial likelihood of confusion among consumers and clients.

45.    The name Captive Ins Consulting, LLC, also falsely designates Acrisure or Acrisure's Captive Insurance Consulting business as the origin of Defendants' goods and/or services that are offered or provided under the name Captive Ins Consulting.

11

46.    Defendants' conduct as a competitor has been misleading and deceptive because Laura Hislop intended, on information and belief, to trade on the goodwill and reputation of Acrisure's business and knowingly and willfully passed off Defendants' services as those of Acrisure's.

47.    In the insurance markets at issue, clients can have only one broker of record for the subject insurance, affording particular advantages to the insurance broker of record and causing certain clients to be "sticky" or difficult to regain if lost due to confusion in the market.

48.    Client relationships in the insurance brokerage marketplace are cultivated over years and, once established, often last for extended periods.

49.    The lifetime value of each individual client relationship is difficult to quantify. For example, there is no way of predicting what policies (and thus commissions to Acrisure) customers may choose in the future, whether customers may add additional policies (and thus create additional revenue streams through commissions to Acrisure), and what potential referrals the transferring customers might have made of potential new customers to Acrisure.

50.    Once a customer is lost, Acrisure also loses the goodwill associated with each client—meaning that after years of dedication to serving those customers, Acrisure will lose out on the intangible reputational benefits it worked so hard to build.

51.    Once lost to a competitor, client relationships are rarely restored without significant new investments of time and resources that would not have been necessary to maintain the relationship in the first instance.

52.    Laura Hislop, without permission, is currently offering and purportedly providing insurance services in the Florida region using the confusingly similar business names, "Captive Ins Consulting, LLC," "Captive Ins Consulting," and/or "Captive Ins." The use has been confirmed by customers in the marketplace and Laura Hislop's attorney.

53.    Relying on the new, confusingly similar name, Laura Hislop has successfully marketed her services to multiple Acrisure clients, who subsequently have informed Acrisure that it appointed "Captive Ins Consulting" as its insurance broker of record, in an apparent reference to Laura Hislop's business.

54.    Acrisure has received credible reports that multiple other Acrisure clients have been solicited by Laura Hislop d/b/a Captive Ins and/or Captive Ins Consulting, LLC, including Acrisure clients Hazen Construction, All American Concrete, Seacoast, Inc., Camino Real Group, and Cornerstone Lathing, resulting in significant actual damages, with additional contracted fees and commissions at risk in addition to damage to Acrisure's business's brand and goodwill.

55.    When an Acrisure employee contacted Acrisure client Yoho Towing, the client expressed confusion to Acrisure because Laura Hislop also had contacted it for similar reasons. The client apparently was confused and believed when it responded to Laura Hislop, it was responding to Acrisure.

56.    The name "Captive Insurance Consulting" including its abbreviations, such as Captive Ins, has acquired valuable goodwill and brand recognition as a

trademark associated by consumers with the Captive Insurance Consulting business owned by Acrisure, in the United States and in Florida, including in this District.

57.    Acrisure's mark, the "Captive Insurance Consulting" name, and Defendants' unauthorized use of the business name "Captive Ins Consulting," are used to provide identical services in identical fields, which are marketed to the same consumers using the same channels of trade. For example, Laura Hislop used direct email communications to contact customers as part of Acrisure's Captive Insurance Consulting business, and Laura Hislop has used and continues to use direct email communications to contact customers, including some of the same customers, using the unauthorized Captive Ins Consulting name, after Laura Hislop's association with Acrisure ended.

58.    Defendants' business name, Captive Ins Consulting, is also confusingly similar to Captive Insurance Consulting because it may sound identical to Captive Insurance Consulting, depending on pronunciation of the abbreviations "Ins".

59.    Defendants' use of the similar Captive Ins Consulting name on identical services is likely to cause confusion that Acrisure is the source of Defendants' products and services, or that there is an association between Acrisure and Defendants, or that Acrisure has approved Defendants' use of the Captive Ins Consulting name.

60.    Defendants' use of the Captive Ins Consulting name is not authorized by Acrisure, the owner of the rights to use the Captive Insurance Consulting name in connection with insurance goods and services in Florida and in this District.

14

61.    Defendants' unauthorized use of the confusingly similar name Captive Ins Consulting has caused and continues to cause Acrisure substantial harm to its goodwill and brand in the market, and to lose business that will be difficult or impossible to regain, and monetary damages are not sufficient to compensate for this harm.

62.    As a result of Defendants' conduct, Acrisure has suffered significant actual damages, with additional contracted fees and commissions at risk.

63.    Defendants' conduct constitutes a deliberate attempt to trade on Acrisure's established brand, reputation, and goodwill. These actions include misrepresentation and appropriation of Acrisure's intellectual property to divert business to a separate venture, constituting unfair competition and trademark infringement.

64.    The use of the name "Captive Ins Consulting" by Defendants is highly likely to cause confusion among clients, vendors, and the public, as it is nearly identical to Acrisure's mark and refers to the same line of insurance services. Consumers are likely to mistakenly believe that "Captive Ins Consulting" is affiliated with, sponsored by, or otherwise connected to Acrisure, harming Acrisure's reputation and goodwill.

65.    Defendants' unauthorized use of the mark has already caused diversion of existing clients, lost revenue, and tangible harm to Acrisure's business relationships. The misappropriation undermines the value of Acrisure's acquired assets and threatens the continued integrity of its brand.

66.     On December 4, 2025, Acrisure sent a separate cease-and-desist letter to Laura Hislop through her counsel. On December 15, 2025, Acrisure sent a second cease-and-desist correspondence to Laura Hislop through her counsel. Laura Hislop has not agreed to discontinue her confusing and misleading use of the Captive Ins Consulting name despite knowledge of Acrisure's rights and confusion occurring in the marketplace.

**COUNT ONE**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**
**(Defendants Captive Ins Consulting, LLC, and Laura Hislop)**

67.     Plaintiff restates and incorporates by reference paragraphs 32 through 65, as though fully stated herein.

68.     Acrisure has enforceable trademark rights in the business name Captive Insurance Consulting.

69.     Defendants' unauthorized use of the business name Captive Ins Consulting, LLC and/or Captive Ins Consulting in commerce and in the ordinary course of trade, including in Florida, is likely to cause consumers to confuse the two names.

70.     In violation of 15 U.S.C. § 1125(a)(1), Defendants have used, and continue to use, Acrisure's name, Captive Insurance Consulting, LLC and/or Captive Ins Consulting, or a confusingly similar name, to sell and market insurance products, and have continued using a confusingly similar name, despite notice of the likelihood of confusion and actual confusion in the marketplace.

71.    In violation of 15 U.S.C. § 1125(a)(1), Defendants have used, and continue to use, Acrisure's name, Captive Insurance Consulting, LLC and/or Captive Ins Consulting, or a confusingly similar name, to sell and market insurance products, which constitutes a false designation of origin, likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Acrisure's business, and cause confusion as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Acrisure.

72.    Defendants are knowingly using the confusingly similar name to reach the same customers using identical methods, despite having no license or authorization to do so, supporting an inference of intent to capitalize off of Acrisure's goodwill and investment.

73.    Defendants' conduct creates a likelihood that the consuming public will be confused as to who makes or provides the insurance products and services.

74.    Acrisure will suffer a loss of goodwill, brand value, and customers, which cannot be compensated with monetary damages, due to Defendants' continued conduct in violation of 15 U.S.C. § 1125(a)(1).

75.    Acrisure has been damaged by Defendants' acts in violation of 15 U.S.C. § 1125(a)(1).

## COUNT TWO
### VIOLATION OF FLORIDA STATUTES §§ 501.201, *et seq*.
### (Defendants Captive Ins Consulting, LLC, and Laura Hislop)

76.    Plaintiff restates and incorporates by reference paragraphs 32 through 65, as though fully stated herein.

77.    Acrisure has suffered irreparable harm and actual damages due to the conduct by Defendants' in violation of federal unfair competition laws.

78.    The allegations above with respect to federal unfair competition law, specifically trademark infringement regarding the Captive Insurance Consulting and Captive Ins Consulting marks, and false designation of origin, demonstrate a violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes sections 501.201, *et seq.* (FDUTPA).

79.    Captive Ins Consulting, LLC's, and Laura Hislop's practices, as described in detail in paragraphs 36 through 65 above, is unfair and deceptive. Acrisure had enforceable rights in the name Captive Insurance Consulting LLC, and Defendants made unauthorized use in commerce and in the ordinary course of trade of essentially the same name, Captive Ins Consulting, such that consumers were and are likely to confuse Defendants' business name with Acrisure's business name, with knowledge of Acrisure's rights and business and despite notice of a likelihood of confusion and actual confusion in the marketplace.

80.    As a result of Captive Ins Consulting, LLC's and Laura Hislop's unfair and deceptive practices, Acrisure was damaged.

## COUNT THREE
## COMMON LAW UNFAIR COMPETITION
**(Defendants Captive Ins Consulting, LLC, and Laura Hislop)**

81.    Plaintiff restates and incorporates by reference paragraphs 32 through 65, as though fully restated herein.

82.     Acrisure has suffered irreparable harm and actual damages due to Defendants' conduct in violation of federal unfair competition laws.

83.     The allegations above with respect to federal unfair competition law, specifically trademark infringement regarding the Captive Insurance Consulting and Captive Ins Consulting marks, and false designation of origin, demonstrate a violation of Florida's common law protections against unfair competition.

84.     As established above, Acrisure has enforceable rights in the name Captive Insurance Consulting, and Defendants made unauthorized use in commerce and in the ordinary course of trade of essentially the same name, Captive Ins Consulting such that consumers were and are likely to confuse Defendants' business name with Acrisure's business name, with knowledge of Acrisure's rights and business and despite notice of a likelihood of confusion and actual confusion in the marketplace.

**COUNT FOUR**
**BREACH OF CONTRACT**
**(Defendant John Hislop)**

85.     Plaintiff restates and incorporates by reference paragraphs 16 through 65, as though fully restated herein.

86.     Acrisure and John Hislop entered into the December 1, 2021, Asset Purchase Agreement and the December 1, 2021, Employment Agreements (collectively, "Captive Insurance Consulting Agreements") (Exs. A and B).

87.     The Captive Insurance Consulting Agreements are enforceable agreements.

88. Acrisure fully or substantially performed its obligations under the Captive Insurance Consulting Agreements.

89. All conditions for John Hislop's performance of the Captive Insurance Consulting Agreements have been met.

90. John Hislop breached the Captive Insurance Consulting Agreements through the following conduct:

    a. Owning and operating Captive Ins Consulting, LLC, during the Restricted Period under the Captive Insurance Consulting Agreements;

    b. Transferring Captive Ins Consulting, LLC, to Laura Hislop to enable her to operate a competitive business during the Restricted Period under the Captive Insurance Consulting Agreements despite that it was or should have been transferred to Acrisure;

    c. Upon information and belief, facilitating or aiding the transfer of business to Captive Ins Consulting, LLC.

91. John Hislop's conduct has damaged Acrisure by providing competitive services prohibited by the Captive Insurance Consulting Agreements and by facilitating the transfer of Acrisure business to Captive Ins Consulting, LLC.

**<u>COUNT FIVE</u>**
**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**
**(Defendant John Hislop)**

92. Plaintiff restates and incorporates by reference paragraphs 16 through 65, as though fully restated herein.

93.    Acrisure and John Hislop entered into the December 1, 2021, Asset Purchase Agreement and the December 1, 2021, Employment Agreement ("Captive Insurance Consulting Agreements").

94.    Acrisure fully or substantially performed its obligations under the Captive Insurance Consulting Agreements.

95.    All conditions for John Hislop's performance of the Captive Insurance Consulting Agreements have been met.

96.    John Hislop breached the duty of good faith and fair dealing inherent in the Captive Insurance Consulting Agreements through the following conduct:

a.    Owning and operating Captive Ins Consulting, LLC, during the Restricted Period under the Captive Insurance Consulting Agreements;

b.    Transferring Captive Ins Consulting, LLC, to Laura Hislop to enable her to operate a competitive business during the Restricted Period under the Captive Insurance Consulting Agreements despite that it was or should have been transferred to Acrisure;

c.    Upon information and belief, facilitating or aiding the transfer of business to Captive Ins Consulting, LLC.

97.    John Hislop's conduct does not comport with and was not consistent with Acrisure's reasonable contractual expectations outlined in sections 2.1 and 5.1 of the Asset Purchase Agreement and sections 4 and 12 of the Employment Agreement.

98.     John Hislop's conduct has damaged Acrisure by providing competitive services prohibited by the Captive Insurance Consulting Agreements and by facilitating the transfer of Acrisure business to Captive Ins Consulting, LLC.

<u>COUNT SIX</u>
**TORTIOUS INTERFERENCE WITH CONTRACTUAL AND ADVANTAGEOUS BUSINESS RELATIONSHIPS**
**(Captive Ins Consulting, LLC, and Laura Hislop)**

99.     Plaintiff restates and incorporates by reference paragraphs 32 through 65, as though fully restated herein.

100.    As set forth above, Acrisure entered into enforceable agreement(s) with Defendant John Hislop.

101.    Through the Asset Purchase Agreement, John Hislop transferred all rights to the name Captive Insurance Consulting and all derivatives to Acrisure.

102.    Through the Asset Purchase Agreement and the Employment Agreement, John Hislop was prohibited from operating a competitive business or using the Captive Insurance Consulting name.

103.    Defendants were aware or should have been aware of John Hislop's obligations to Acrisure.

104.    Defendants intentionally interfered by operating the entity and knowingly using the name Captive Ins Consulting to offer and sell insurance goods and/or services to the same customer market, trading on the goodwill sold by John Hislop in an improper manner that comprises a work-around of, or seeks a circumvention of, John Hislop's duties and is meant to confuse customers, undermine

Acrisure's contractual rights and interests, and tortiously interfere with Acrisure's business relationships.

105.    Captive Ins Consulting, LLC's, and Laura Hislop's conduct was purposeful and unjustly disrupted and interfered with Acrisure's business relationships with its clients.

106.    Acrisure has suffered substantial actual damages and irreparable harm in the marketplace due to Laura Hislop's interference in the contractual obligations of John Hislop to Acrisure.

**COUNT SEVEN**
**CIVIL CONSPIRACY**
**(All Defendants)**

107.    Plaintiff restates and incorporates by reference paragraphs 1 through 65, as though fully restated herein.

108.    Defendants are parties to a civil conspiracy.

109.    Defendants conspired to (a) maintain Captive Ins Consulting despite the terms of the APA and to withhold its ongoing relation and operation; (b) interfere with and undermine Acrisure's contractual rights acquired through the Asset Purchase Agreement; and (c) tortiously interfere with Acrisure's contracts and protectable interests through improper conduct alleged herein.

110.    Defendants owed a duty to protect Acrisure from the disgorgement of and damage to its acquired business through the APA.

111.    Defendants committed overt acts in furtherance of their conspiracy, including the operation and transfer of Captive Ins Consulting for the purpose of harming Acrisure's business acquired through the APA.

112.    Defendants' conduct, conspiracy, and their respective overt acts caused Acrisure to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Acrisure, LLC, asks the Court for a judgment against Defendants Captive Ins Consulting, LLC, Laura Hislop, and John Hislop as follows:

a. Finding Acrisure owns the rights to the mark Captive Insurance Consulting with respect to insurance goods and/or services in the trade area;

b. Finding Defendants Laura Hislop and Captive Ins Consulting, LLC, have committed acts of false designation of origin and unfair competition prohibited by 15 U.S.C. §§ 1125(a), *et seq.*, Florida Statutes sections 501.201, *et seq.*, and/or common law of the state of Florida;

c. Entering a preliminary and permanent injunction enjoining Defendants (including any officers, directors, employees, agents, and all persons acting in concert) from using the name "Captive Ins Consulting" and "Captive Ins Consulting, LLC," in commerce relating to insurance goods and services;

d. Ordering Defendants to pay damages in excess of $75,000;

e. Finding this case appropriate for an award of attorneys' fees;

f. Awarding Acrisure pre-judgment interest; and

g. For such other relief as the Court deems appropriate.

ACRISURE DEMANDS A TRIAL BY JURY

Date:  December 19, 2025                    Respectfully submitted,

*/s/ Ashley P. Hayes*
Ashley P. Hayes
*LEAD COUNSEL*
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, Florida 33602
Telephone:  (813) 202-7100
Facsimile:   (813) 221-8837
ahayes@shb.com

Matthew D. Bernstein
SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 3200
201 S. Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 358-5171
Facsimile:   (305) 358-7470
mbernstein@shb.com

***Counsel for Plaintiff Acrisure, LLC***