UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACRISURE, LLC,

     Plaintiff,

v.

CAPTIVE INS CONSULTING, LLC,
LAURA HISLOP, and JOHN
HISLOP,

     Defendants.

Case No.: 8:25-cv-3479

## PLAINTIFF ACRISURE, LLC'S MOTION TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Rule 1.11, Plaintiff Acrisure, LLC ("Acrisure"), moves to file portions of the Asset Purchase Agreement between Acrisure and Defendant John Hislop under seal and keep it sealed indefinitely. Specifically, Acrisure requests this Court enter an order granting Acrisure leave to file under seal (1) an unredacted version of its Complaint [Doc. 1]; (2) an unredacted version of its Motion for Preliminary Injunction (the "Motion") [Doc. 3]; and (2) the following portions of the Asset Purchase Agreement between Acrisure and John Hislop (the "APA"),which are at issue in the Motion.

### INTRODUCTION AND NATURE OF RELIEF SOUGHT

Acrisure filed this action seeking an injunction against Defendants to prevent their further infringement of Acrisure's trademark of Captive Insurance Consulting,

LLC, in part, based on a restrictive covenant contained within the APA. To the Motion for Preliminary Injunction, Acrisure attaches the following provisions of the APA: the Recitals, Article 1 (including all subparts), Article 2 (including all subparts), Article 4 (including all subparts), and Article 5 (including all subparts).

The portions of the APA at issue contain Acrisure's confidential and proprietary business information, the disclosure of which would irreparably harm Acrisure and its business, particularly in its structuring of deals to acquire independent insurance brokerage firms.  Acrisure's claims are based, in part, on the APA; however, due to its confidential nature, Acrisure filed redacted versions of the Complaint and the Motion to remove references to the substance of the APA. The Court will need to review unredacted versions of the Complaint and Motion, as well as a copy of the portions of the APA at issue, to address the relief Acrisure seeks. Acrisure therefore requests this Court enter an order sealing the portions of the APA at issue.

<strong><u>LOCAL RULE 1.11(B) REQUIREMENTS</u></strong>

**1.  Identification and Description of Document Proposed for Sealing.**

Because Acrisure relies on certain portions of the APA in support of its Complaint and its Motion for Preliminary Injunction, Acrisure seeks to file an unredacted version of this confidential document with the Court to provide a full record for the Court's consideration on the pending Motion for Preliminary Injunction [Doc. 3]. Acrisure filed a placeholder for this document, attached as Exhibit A to both the Complaint and the Motion for Preliminary Injunction.

2

### 2. Filing the Item is Necessary.

The portions of the APA at issue are a key document that the Court must review to consider the relief sought by Acrisure, both in its Complaint and in its Motion, and is the predicate to Acrisure's claims. Filing an unredacted version of the APA is necessary for this Court to fully consider all of the relevant fact, legal arguments, and issues raised in this action.

### 3. Sealing is Necessary.

Sealing portions of the APA at issue is necessary to protect the confidentiality of the APA and of Acrisure's trade section. Public disclosure of the APA would be irreparably detrimental to Acrisure's business strategy for acquiring independent insurance brokerage businesses and would be detrimental to Acrisure's position relative to its competitors in the industry in those acquisitions. Further, Acrisure and John Hislop agreed that the terms of the APA at issue would be kept confidential. *See* Decl. of Andrew Schutt, ¶ 7 (Dec. 19, 2025) (Ex. 1) ("Schutt Decl."). The potential effects could undermine future or in-progress deals as well as impact acquisitions that have been completed or otherwise upset internal relationships. Further, Acrisure cannot publicly disclose the substance of the APA without violating its terms. Accordingly, it is necessary for Acrisure to file the portions of the APA at issue and unredacted versions of the Motion under seal.

3

**4. The Reason that a Means Other than Sealing the APA is Unavailable or Unsatisfactory.**

Filing under seal is the only way to maintain the confidentiality of Acrisure's confidential strategy for negotiating and structuring acquisitions of independent insurance brokerage businesses in the APA because this confidential information appears throughout the portions of the APA at issue. Further, Acrisure and John Hislop agreed that the terms of the APA at issue would be kept confidential, and disclosing them publicly would violate the terms of the APA.

**5. The Proposed Duration of the Seal APA Should be Sealed Indefinitely.**

Because disclosure of the portions of the APA at issue and the information derived from it would cause potentially irreparable harm to Acrisure in negotiating and structuring acquisitions of independent insurance brokerage businesses, the scope of and extent of which cannot be ascertained at this time, the Court should grant Acrisure's motion to file the portions of the APA at issue under seal indefinitely. Courts in this district have sealed confidential business documents for indeterminate amounts of time in similar situations. *See Southern-Owners Ins. Co. v. MAC Contractors of Florida, LLC*, No. 2:18-cv-21-JES-KCD, 2023 WL 3111291, *2 (M.D. Fla. Apr. 24, 2023) (trial court permitted exhibit with privileged and confidential information to remain under seal indefinitely).

**6. Contact Information of the Person Authorized to Recover a Sealed Item.**
The person authorized to retrieve the sealed, tangible items described above is:

Ashley P. Hayes, Esq.
Shook, Hardy & Bacon L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, Florida 33602
(813) 202-7100
ahayes@shb.com

## MEMORANDUM OF LAW

This Court has broad discretion in interpreting and applying the local rules. *See Reese v. Herbert*, 527 F.3d 1253, 1267 (11th Cir. 2008). Although the public generally has a right to access judicial proceedings, the common law right of access to court records "is not absolute" and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G). When evaluating motions to file under seal, courts balance the "asserted right of access against the party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir. 2001).

In exercising their discretion, courts consider the following factors when balancing the party's interests against that of the public: whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246. A party's privacy or proprietary interest in its confidential business information can overcome the public's interest in

the access to same. *Id.*; *Grant v. Regal Automotive Group, Inc.*, No. 19-cv-363, 2022 WL 1081566 (M.D. Fla. April 11, 2022).

Here, there is good cause to permit Acrisure to file the portions of the APA at issue under seal. Acrisure has a legitimate interest in protecting the confidential information pertaining to the negotiation and structure of acquisitions of independent insurance brokerage businesses present in the APA. Given the highly competitive nature of Acrisure's industry and the fact that this information is currently not publicly available, the public disclosure of the information through a court filing would undoubtedly give Acrisure's competitors an unfair advantage. Such legitimate interest outweighs the *de minimis* public interest in the APA.

As set forth in the Declaration of Andrew Schutt attached hereto as Exhibit 1, the APA contains proprietary deal structure information developed by Acrisure over hundreds of acquisitions of independent insurance brokerage businesses. Schutt Decl., ¶¶ 3–5. Specifically, the APA contains John Hislop's compensation when he worked at Acrisure and the structure of Acrisure's acquisition of Captive Insurance Consulting, LLC. *See id*. Acrisure's deal structure for acquisitions has evolved over the course of the execution of hundreds of deals and is not something that Acrisure publicizes. *Id.* at ¶ 4. Moreover, Acrisure continues to acquire independent insurance brokerage businesses, and thus disclosure of the APA could harm Acrisure in the negotiations of future acquisitions. *Id*. at ¶ 5.

6

Furthermore, there is *de minimis* public interest in the APA at best. The APA is a private contract between two parties and does not concern a matter of importance to the public.

Courts in this District "have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view," and routinely find that a company's interest in the privacy of such information outweighs the public right of access. *Nolen v. Wyndham Vacation Resorts, Inc.*, No. 20-cv-330, 2021 WL 3036460, *2 (M.D. Fla. June 15, 2021); *Declan Flight, Inc. v. Textron Eaviation, Inc.*, No. 5:23-CV-301-GAP-PRL, 2023 WL 4847575, *2 (M.D. Fla. July 28, 2023) (permitting a purchase agreement to be filed under seal because the confidential business information to be sealed was not related to public officials or public concerns); *Deltona Transformer Corp. v. Noco Co.*, No. 6:19-cv-308-CEM-LRH, 2021 WL 4443999, *1 (M.D. Fla. June 21, 2021) (sealing exhibits reflecting plaintiff's "internal business operations, financials, customer information, competitive strategy, business decisions of the parties, and internal decision making-process"); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). The same result is warranted here.

Moreover, if the Court were to authorize the sealing of the portions of the APA at issue, neither the public nor any Defendant would be prejudiced. The public will still have access to the vast majority of the docket in this matter, and John Hislop has already been provided a copy of the APA. As such, the harm that Acrisure would suffer from public disclosure of the APA substantially outweighs the public interest in having access to this document. Furthermore, given the nature of the information at issue and the risk of harm to Acrisure if that information is disclosed, there is not a less onerous, practical alternative to sealing the proposed records.

## CONCLUSION

Based on the foregoing, Acrisure has shown good cause for sealing the documents mentioned herein and therefore respectfully requests that the Court grant its motion and enter an order sealing the portions of the APA attached to the Motion for Preliminary Injunction: the Recitals, Article 1 (including all subparts), Article 2 (including all subparts), Article 4 (including all subparts), and Article 5 (including all subparts), indefinitely.

## Local Rule 3.01(g) Certification

This Motion is being filed contemporaneously with the filing of the Complaint. As such, the undersigned is unable to comply with Local Rule 3.01(g) because counsel for Defendants have not yet appeared in this case. However, the undersigned counsel certifies that she attempted to confer with an attorney known to represent Defendants, but he was unavailable to confer. The undersigned is scheduled to confer with such attorney on December 22, 2025.

Respectfully submitted,

*/s/ Ashley P. Hayes*
Ashley P. Hayes
*LEAD COUNSEL*
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, Florida 33602
Telephone:   (813) 202-7100
Facsimile:    (813) 221-8837
ahayes@shb.com

Matthew D. Bernstein
SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 3200
201 S. Biscayne Boulevard
Miami, Florida  33131
Telephone:   (305) 358-5171
Facsimile:    (305) 358-7470
mbernstein@shb.com

***Counsel for Plaintiff Acrisure, LLC***

9